UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE,
PENSION and ANNUITY, et al.,

                        Plaintiff(s),

            -against-

MIKE & MIKE CUSTOM CARPENTRY,

                        Defendant(s).
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 10-1167 (ADS) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs on the default of the defendant. Plaintiffs, the Trustees of the Empire State Carpenters Welfare Pension and Annuity funds ("Trustees"), seek a judgment compelling the defendant, Mike & Mike Custom Carpentry ("defendant"), to permit an audit of its wage, payroll, and personnel records from August 1, 2007 through the date of judgment, as well as attorneys' fees and costs. Based on the evidence submitted, the undersigned recommends that defendant be ordered to permit and cooperate in the audit of its books and records within thirty days after notice of entry of judgment. It is further recommended that the plaintiffs be awarded attorneys' fees and costs in the amounts of $1,800.50 and $390.00, respectively, for a total award of $2,190.50.

## BACKGROUND

This action was commenced on March 15, 2010 by the Trustees. According to the complaint, as a party to a collective bargaining agreement (the "Agreement"), defendant was required to permit an audit of its wage, payroll, and personnel records. *See* Complaint ¶8, Docket Entry ("DE") [1]. Although the Trustees' counsel notified defendant of their intention to

audit defendant's payroll records for the time period of August 1, 2007 through September 30, 2009, defendant failed to allow an audit in violation of the Agreement. *Id.* ¶9-10. The complaint seeks an order permitting the Trustees to conduct an audit, plus attorneys' fees and costs.

The defendant has not answered the complaint or otherwise appeared in the action. The Clerk of the Court noted the default, *see* DE [4], and on August 12, 2010, the plaintiffs submitted a motion for default, DE[3]. On September 10, 2010, District Judge Spatt granted the motion for a default judgment and referred the determination of appropriate damages to the undersigned. DE [5]. At the court's direction, plaintiffs submitted supplemental papers. DE [7], [8]. No papers have been submitted by the defendant.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this

2

basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). I find that

the papers submitted suffice for the purposes of determining the appropriate award.

According to the complaint, defendant is required to permit and cooperate in the conduct

of audits of its books, records, papers and reports to ensure compliance with the terms of the

Agreement. Compl. ¶ 8. The defendant has failed to permit or cooperate in the conduct of an

audit of its books and records, and has failed to furnish the Trustees with required information,

books, records, and reports to ensure compliance with the terms of the Agreement and to

ascertain the amount of fringe benefit contributions due the Funds. Accordingly, I recommend

that the default judgment include an order directing the defendant to permit and cooperate in an

audit of its books and records and to furnish to the Trustees the with information, books, records

and reports in accordance with ERISA and its obligations under the Agreement so that the

plaintiffs may calculate the fringe benefit contributions owed by the defendant.

Plaintiffs also seek an award of attorneys' fees in a total amount of $1,800.50. The

complaint in this action does not seek payment of delinquent contributions; therefore, any claim

for attorneys' fees must be considered under 29 U.S.C. §1132 (g)(1). That section provides that

"[i]n any action under this subchapter (other than an action [to recover delinquent contributions])

by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party." 29 U.S.C. §1132 (g)(1). Thus, plaintiffs have

established that they are entitled to recover reasonable attorneys' fees and costs.

When assessing the reasonableness of legal fees, the court must determine the

"presumptively reasonable fee" for an attorney's services by looking to what a reasonable client

would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the

minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009).  To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed.  *Id.*  Reasonable hourly rates in attorney fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).  *See Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 186-87 (2d Cir. 2008).[1]  Those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits."  *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).  A review of the billing records leads me to conclude that the rates charged are reasonable for ERISA work in the Eastern District, and that the number of hours expended is not excessive.  Based upon the declaration of Owen Rumelt and the billing records attached thereto, I find that all relevant factors support an award of attorneys' fees in the amount of $1,800.50.

Finally, plaintiffs seek costs in a total amount of $611.38, consisting of the filing fee for this court, filing fees for the Secretary of State of New York and Secretary of State of Ohio, and process server fees.  *See* Rumult Decl. ¶19 & Ex. B.  Although plaintiffs are entitled to recover these costs, they have not provided any documentation in support of their request.  I will,

---

[1]The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  522 F.3d at 186, n.3 (*citing Johnson,* 488 F.2d at 717-19).

however, take judicial notice of the $350.00 filing fee in the Eastern District of New York and the statutory fee of $40.00 for service of process on the New York Secretary of State and recommend an award of costs in the total amount of $390.00.[2]

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below.  Plaintiffs' counsel is directed to serve a copy of this Report on the defendant and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       January 31, 2011

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

---

[2]Plaintiffs seek to recover two $40.00 fees for service of process on the New York Secretary of State but as they have failed to explain the second fee, I recommend that they only recover the fee once.